IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

JOHN BRILEY                                             PETITIONER

VERSUS                                      CAUSE NO. 1:12-CV-403-LG-JMR

STATE OF MISSISSIPPI, et al.                           RESPONDENTS

## MEMORANDUM OPINION AND ORDER
## DISMISSING PETITION FOR WRIT OF HABEAS CORPUS

Petitioner John Briley filed his Petition for a writ of habeas corpus on December 26, 2012. Petitioner filed an Amended Petition [6], Motion to Seal [7] and Motion for Court Instruction [8] on January 29, 2013. On February 4, 2013, the envelope [9] containing a copy of the notice of electronic filing of the Amended Petition [6], Motion to Seal [7] and Motion for Court Instruction [8] was returned to the Court with a notation from the Postal Service "Return to Sender - Released." Petitioner contacted the Clerk's Office by phone on February 6, 2013, informing this Court of a change of address, which is the last known address of Petitioner.

The Court then entered an Order [10] on April 9, 2013, directing Petitioner to file a written response and provide additional information concerning his petition for habeas relief on or before April 25, 2013. Petitioner was warned that his failure to timely comply with the requirements of the Order would lead to the dismissal of this case.[1] Petitioner did not file his written response or otherwise communicate with the Court.

---

[1]The envelope containing the Order [10] entered April 9, 2013, has not been returned to this Court.

On May 10, 2013, the Court entered an Order [11] directing Petitioner to show cause, on or before June 3, 2013, why this case should not be dismissed for his failure to comply with the Court's previous Order [10]. Petitioner was warned in the Show Cause Order [11] that failure to timely comply with the Order could result in the dismissal of his Petition without further notice. The envelope [12] containing the Show Cause Order [11] addressed to Petitioner at his last known address was returned by the Postal Service with a notation "Return to Sender, Attempted - Not Known, Unable to Forward."

Because Petitioner is proceeding *pro se* and out of an abundance of caution, a Second and Final Order to Show Cause [13] was entered on June 25, 2013. The Order [13] directed Petitioner to comply on or before July 10, 2013, by explaining why this Court should not dismiss this cause for Petitioner's failure to comply with the previous Orders [10, 11] of this Court. This Court's Order [13] also directed Petitioner to provide on or before July 10, 2013, additional information concerning the petition for habeas relief. Petitioner was warned by that Order [13] that this was Petitioner's final opportunity to comply with the Order [10] and that failure to comply would result in the dismissal of the instant petition for habeas relief without further notice. The envelope [14] containing a copy of the Second and Final Order to Show Cause was returned by the Postal Service with a notation "Does Not Live at This [Address] - Return to Sender- Not deliverable as Addressed - Unable to Forward" and was filed in this Court on July 15, 2013. A review of the record reveals that Petitioner failed to comply with the Second and Final Order to Show Cause and has not provided this Court with a recent change of address.

Petitioner has failed to comply with three Court Orders, and he has not contacted the Court since February 6, 2013. This Court has the authority to dismiss an action for Petitioner's failure to prosecute under Rule 41(b) of the Federal Rules of Civil Procedure and under its inherent authority to dismiss the action *sua sponte*. *See generally Link v. Wabash R.R.*, 370 U.S. 626 (1962); *Larson v. Scott*, 157 F.3d 1030 (5th Cir.1998); *McCullough v. Lynaugh*, 835 F.2d 1126 (5th Cir. 1988). The Court's authority to dismiss an action for failure to prosecute extends to habeas petitions filed pursuant to 28 U.S.C. § 2254. *See Martinez v. Johnson,* 104 F.3d 769, 772-73 (5th Cir. 1997)(affirming dismissal of habeas petition for failure to prosecute under Rule 41(b)).[2]

As the record demonstrates, the Court's efforts to pursue lesser sanctions than dismissal have proven futile. The Court must be able to clear its calendars of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious disposition of cases. *Link,* 370 U.S. at 630. Such a "sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars" of the Court. *Id.* at 629-30.

The Court concludes that dismissal of this action, for Petitioner's failure to prosecute and failure to comply with the Orders of the Court under Rule 41(b) of the

---

[2] *See also* Rule 12 of the Rules Governing Section 2254 Cases, which provides that "[t]he Federal Rules of Civil Procedure, to the extent that they are not inconsistent with any statutory provisions or these rules, may be applied to a proceeding under these rules."

3

Federal Rules of Civil Procedure, is proper. *See Martinez,* 104 F.3d at 773; *Davis v. Gordon*, No. 02-61123, 2003 WL 22120979, at *1 (5th Cir. Sept. 12, 2003)(affirming dismissal based on habeas petitioner's failure to comply with a court order); *see also Rice v. Doe*, No. 08-20381, 2009 WL 46882, at *1 (5th Cir. Jan. 8, 2009)(affirming dismissal for inmate's failure to comply with a court order). Since the Respondents have not been called upon to respond to the Petition, and have not appeared in this action, and since the Court has not considered the merits of Petitioner's claims, the Court's Order of dismissal will be without prejudice. *See Munday/Elkins Auto. Partners, LTD. v. Smith,* 201 F. App'x 265, 267 (5th Cir. 2006).

A Final Judgment in accordance with this Memorandum Opinion and Order will be entered.

**SO ORDERED AND ADJUDGED** this the 24th day of July, 2013.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
CHIEF U.S. DISTRICT JUDGE